## FOSTER *v.* BARTLETT.

A depositor of money with another, who agrees, but neglects or refuses, to pay it to a third person, may, at his election, recover damages for the breach of the agreement, or treat the contract as rescinded, and recover the money.

ASSUMPSIT, on the defendant's written agreement, in consideration of $1,000 received from the plaintiff, "to pay said sum of ten hundred dollars to Daniel K. Foster, of Pittsfield, in said county, upon the said Daniel K. Foster's giving a receipt in full settlement of certain suits at law now pending in court" in favor of Daniel K. Foster and against the plaintiff.  The writ contains also a count for money had and received.  In the suits Daniel K. Foster against the plaintiff, the defendant was the plaintiff's attorney. He paid $200 to Daniel K., who received that sum in full settlement of the suits, and gave the defendant a receipt to that effect. The action is brought to recover the remaining $800.  Verdict for the plaintiff.  The defendant objected that the plaintiff cannot maintain the action, and is not entitled to recover upon either count.

*Sulloway, Topliff & O'Conner*, for the plaintiff.

*A. W. Bartlettt, A. F. Stevens*, and *H. H. Huse*, for the defendant.

CARPENTER, J. The plaintiff had his election to bring an action on the contract to recover damages for the breach of it, or to treat it as rescinded and recover the money as received to his use. *Stevens* v. *Cushing*, 1 N. H. 18; *Drew* v. *Claggett*, 39 N. H. 431, 433. The defendant's payment of $200 affords no objection to the plaintiff's pursuing the last named course. The defendant is not injured by the rescision. Notwithstanding his partial performance of his agreement, he is restored to the situation he occupied before the contract was made. *Luey* v. *Bundy*, 9 N. H. 298, 302, 303; *King* v. *Hutchins*, 28 N. H. 561, 573.

*Judgment on the verdict.*

STANLEY. J., did not sit: the others concurred.