WINNIPESAUKEE CAMP-MEETING ASSOCIATION v. GORDON & a.

A stipulation in a deed of a lot of land in the grounds of the Winnipe-
saukee Camp-Meeting Association prohibiting the erection or use of
buildings for stores, boarding-houses, hotels, or stables thereon, with-
out the consent of the association, is enforcible by injunction.

BILL IN EQUITY, to enjoin the keeping of a boarding-house.
The Winnipesaukee Camp-Meeting Association was chartered by
the legislature in 1874.   The grantees organized under the char-
ter, purchased a lot of land near Weirs station, and subsequently
conveyed parts of it to various persons, among others to the de-
fendants.   The deed contains a proviso that the premises shall be
held " subject to the act of incorporation and the rules and regula-
tions of said camp-meeting association," which are printed on the
same sheet of paper, below the deed.   One of the by-laws is as
follows : " No portion of these grounds shall be used for any pur-
pose foreign to the objects of this association as set forth in the
act of incorporation, nor for the erection or use of buildings for
stores, boarding-houses, hotels, or stables, without the consent of
the association."

The defendants erected a building on the lot conveyed, and
occupied it with their family in the summer season, during which
time various religious and other associations occupied the grounds
for meetings, and people sometimes came there for a day upon ex-
cursions.   On these occasions the defendants have entertained
people at their house by accommodating them with lodging and
meals for compensation.   In the early part of the season of 1885
the house was enlarged by an addition of twenty-two rooms and
an extension of the dining-room.   The new rooms were finished
and furnished for sleeping-rooms.   In the summer of 1885, after
the completion of the enlargement, the defendants lodged as many
people as applied, within the limits of their accommodations, and
entertained many of them with board for pay.   On one occasion,
for four or five days together the house was full, and thirty or forty
persons were furnished with meals; and on all occasions of the
occupation of the ground by large numbers, the defendants accom-
modated some people with lodging and board.   The plaintiffs own
a hotel upon the grounds, and the lessee by the terms of his lease
has the exclusive privilege of keeping a hotel and boarding-house
within the limits of the grounds.

S. C. Eastman, for the plaintiffs.

S. B. Page and Bingham & Mitchell, for the defendants.

CLARK, J.   It is stipulated in the deed of the association to one
of the defendants, that the premises shall be held subject to the

"act of incorporation, and the rules and regulations of said camp-meeting association." One of the by-laws and regulations of the association prohibits the erection or use of buildings for stores, boarding-houses, hotels, or stables, without the consent of the association. Limitations of the use of real property, in the form of covenants, restrictions, and conditions inserted in a deed for the advantage of the grantor or for the benefit of adjacent lands, when reasonable and for a lawful purpose, are upheld and enforced at law and in equity. The acceptance of the deed binds the grantor to the covenant, condition, or restriction contained in it. *Harriman* v. *Park*, 55 N. H. 471; *Emerson* v. *Mooney*, 50 N. H. 315; *Burbank* v. *Pillsbury*, 48 N. H. 475.

The stipulations in the defendants' deed are reasonable, and for a lawful purpose. *Gannett* v. *Albree*, 103 Mass. 372. By accepting a title thus restricted, the defendants understood they were not acquiring an absolute dominion over the lot, but a qualified and limited right of use and occupation, subject to the conditions of the deed. The case shows a violation of the restriction by keeping a boarding-house. The defendants furnished board and lodging for compensation to such as applied, within the limits of their accommodations, and the plaintiffs are entitled to an injunction. *Linzee* v. *Mixer*, 101 Mass. 512; *Dorr* v. *Harrahan*, *ib.* 531. The object of the association might be reasonably secured and promoted by their retaining the control of the boarding-house business within their limits, as a religious society may retain a certain control of church pews which the owners cannot use for all purposes. *Jones* v. *Towne*, 58 N. H. 462. The constitutional religious rights of the members of this association are entitled to protection within as well as without the bounds of their reserved territorial authority. *Com.* v. *Bacon*, 13 Bush. 210, may not be in conflict with *State* v. *Cate*, 58 N. H. 240, *State* v. *Read*, 12 R. I. 137, and *Com.* v. *Bearse*, 132 Mass. 542.

But time may bring changes that will practically affect the limitation of the proprietary rights conveyed by the plaintiffs. Their grounds may be withdrawn from ecclesiastical uses. The plaintiffs may remove to some other place, or cease to exist. The defendants or their successors may have occasion to raise the question whether, under the common law of this state, the construction of the deed is that the parties intended the restriction should continue in full force if it should become useless. The decree may be made subject to a modification or dissolution of the injunction on cause shown.

*Injunction granted.*

ALLEN, J., did not sit: the others concurred.