DOW v. HARKIN.

67    383
74    175

If an assignment of a patent right is made in sole consideration of the assignee's agreement (set forth in the assignment, though not signed by him) to make enough of the article patented to supply the demand and pay a royalty to the assignor, and the assignee refuses to perform the agreement and is unable to respond in damages, the assignor may rescind the assignment and have it annulled by a court of equity.

BILL IN EQUITY, to annul an assignment of certain letters patent and chattels, for breach of its covenants and conditions. The defendant demurred.    The bill alleged the following facts: The plaintiff, by a sealed instrument, in consideration of the defendant's covenants therein mentioned, sold and transferred to him, his heirs, executors, and assigns, for his and their use and behoof, for the existing and any extended term of the patent, all the plaintiff's right, title, and interest in and to a certain collar-filler, secured to him by letters patent dated January 4, 1890, and in and to the dies and tools used in their manufacture.    The covenants referred to were, that the defendant would manufacture or cause to be manufactured a sufficient number of the collar-fillers to supply the demand, and would pay the plaintiff, on or about the 15th day of each month, a royalty of four cents a dozen on all fillers so manufactured and sold by or through him; and that he would submit the books kept by him in the prosecution of the business to the inspection and examination of the plaintiff at any time.    The defendant did not sign the instrument. It was recorded in the office of the United States commissioner of patents.    The defendant has repeatedly declined to perform his agreement, although requested to do so by the plaintiff.    He is unable to respond in damages.    The demurrer was sustained, and the plaintiff excepted.

*Gordon Woodbury, George W. Prescott,* and *Oliver E. Branch,* for the plaintiff.

*William A. J. Giles* and *Harry G. Sargent,* for the defendant.

CHASE, J.   The defendant, by accepting the assignment, became bound to perform the agreement set forth in it to be performed by him, although he did not sign the instrument.   *Burbank* v. *Pillsbury,* 48 N. H. 475; *Harriman* v. *Park,* 55 N. H. 471; *Winnipesaukee Camp Meeting Association* v. *Gordon,* 63 N. H. 505, 506. His executory agreement was the sole consideration for the conveyance to him of the patent right, dies, and tools. ⌐ By repeatedly declining to perform it he has rescinded the contract, so far as his acts could accomplish that result; he has at least given the plaintiff an option to consummate a rescission by an acceptance of the offer of rescission necessarily included in his declination.   The plaintiff, by bringing this suit, has manifested his assent to the proffered rescission.   No prior notice was necessary under the circumstances.   The plaintiff's repeated demands upon the defendant for the performance of his agreement were sufficient notice that the plaintiff did not intend to waive his rights.   As the plaintiff received nothing from the defendant, he had nothing to return before exercising the right of rescission.   Upon the defendant's reconveyance of the property received, the parties will be in their former positions.   *Danforth* v. *Dewey,* 3 N. H. 79; *Fuller* v. *Little,* 7 N. H. 535; *Luey* v. *Bundy,* 9 N. H. 298; *Snow* v. *Prescott,* 12 N. H. 535; *Abbot* v. *Johnson,* 32 N. H. 9, 20; *Drew* v. *Claggett,* 39 N. H. 431; *Smith* v. *Hatch,* 46 N. H. 146; *Chamberlin* v. *Perkins,* 55 N. H. 237; *Appleton* v. *Insurance Company,* 59 N. H. 541, 546; *Foster* v. *Bartlett,* 62 N. H. 617.   If the property in the defendant's possession by virtue of the assignment were all chattels like the dies and tools, an action at law for its recovery might be an adequate remedy; but it is not.   A substantial portion of it is a patent right,—an intangible, incorporeal thing, which cannot be specifically recovered in an action at law.   As the plaintiff has not an adequate remedy at law, he is entitled to a remedy in equity.

*Exception sustained: demurrer overruled.*

CLARK, J., did not sit: the others concurred.