AMERICAN LOAN & TRUST CO. v. CENTRAL VERMONT R. CO. et al.

(Circuit Court, D. Vermont.    February 12, 1898.)

RECEIVERSHIPS—INDEPENDENT FORECLOSURE SUIT—LEAVE OF COURT.
    An independent suit to foreclose a mortgage on property in the hands of receivers cannot be maintained, except by leave of court obtained in that cause. Such leave will not be denied arbitrarily, but only for legal unfitness for the purposes when and where sought.

This was a bill in equity by the American Loan & Trust Company against the Vermont Central Railroad Company and others for foreclosure of a mortgage.

Moorfield Story and Michael H. Cardozo, for plaintiff.
Benjamin F. Fifield and Charles M. Wilds, for defendants.

WHEELER, District Judge.    This is a bill for foreclosure and sale brought against the mortgagors and receivers of the property in another cause. The receivers have pleaded their receivership, and other defendants have demurred. The plea and demurrer have now been argued. The possession of property by receivers under the appointment and order of a court in a cause is the possession of and for the court in that cause. No suit or proceeding touching the property can be maintained but in that court in that cause, or by leave of court obtained in that cause. This result follows from the nature and scope of the proceedings, is necessary for the purposes for which receivers are appointed, and is elementary. The statute which allows suits against a receiver, "in respect of any act or transaction of his in carrying on the business connected with such property," does not change this as to suits affecting the property itself. 25 Stat. 436, c. 866, § 3. The plea and demurrers to this bill as brought to institute an independent cause, without leave of court, although in the same court, must accordingly be sustained. Parties having claims upon the property have a right to prosecute them by suit which is said to be liable to be abridged, if leave of court must be had for that purpose. The leave is, however, necessary only for the orderly administration of justice, and is not to be denied arbitrarily, but only for legal unfitness for the purposes when and where sought. The right remains, and leave is to be granted according to the right and the proper adaptation of the proceedings. The plaintiff here has the right to proper proceedings for foreclosure of its mortgage upon the property. They may be properly had by intervention by bill or petition like this, for that purpose, in the original cause. It is therefore entitled to leave for that purpose. Plea and demurrers sustained, with leave to plaintiff to file bill in original cause.