AMERICAN LOAN & TRUST CO. v. CENTRAL VERMONT R. CO.

(Circuit Court, D. Vermont.    March 8, 1898.)

1. EQUITY PLEADING—BILL TO FORECLOSE MORTGAGE—PROPERTY IN HANDS OF
   RECEIVER.
   Where property is in the hands of a receiver appointed by a court, an
   independent suit to foreclose a mortgage cannot be maintained, even in the
   same court.

2. SAME.
   One who claims the disposition or possession of property in the hands of
   receivers of a court must come to that court in that case, and obtain leave
   to file a bill in the original cause.

This was a bill in equity by the American Loan & Trust Company
against the Central Vermont Railroad Company to foreclose a mort-.
gage.

Elmer P. Howe and Henry Crawford, for plaintiff.

Benjamin F. Fifield, for defendant.

WHEELER, District Judge.    This bill is brought and filed, as an
independent proceeding, upon a mortgage which is first upon a part
of the defendant's railroads and property, and second as to part, and
which provides, as is alleged, that:

"If default be made in the payment of any installment of interest upon, or
the principal of, any of the bonds secured by this mortgage, when the same is
payable, and such default shall continue for six months after due demand,
the trustee is authorized, in its discretion, to enter upon and sell at public
auction in the town of St. Albans, Vermont, after notice in writing to the party
of the first part at least six weeks before the sale, and publication of the notice
of the proposed sale at least once a week for six weeks next preceding such
sale in a daily newspaper published in the city of Boston and the city of New
York each, and a newspaper published in the town of St. Albans and in the
city of Burlington, Vermont, the whole of the lands, property, premises, rail-
roads, stocks, bonds, and franchises herein conveyed, or as much thereof as
shall be necessary to satisfy such overdue obligations of the party of the first
part."

The bill further sets up:

"That on or about the 14th day of March, 1896, the Grand Trunk Railway
Company of Canada filed its bill of complaint in this honorable court against the
said defendant, the Central Vermont Railroad Company, in behalf of itself and
all other creditors, both secured and unsecured, of said Central Vermont Rail-
road Company, in which said bill the orator set forth the leases by the Central
Vermont Railroad Company of the various railroads hereinbefore stated, and
the issue of $7,000,000 of bonds by the Consolidated Railroad Company of Ver-
mont, secured by a mortgage on said Consolidated road and the Vermont &
Canada road, and the execution and delivery of said mortgage of the Central
Vermont Railroad Company sought to be foreclosed in this action, and the
issue and delivery of about $3,000,000 of the bonds secured by said last-named
mortgage, and the failure of the Central Vermont Railroad Company to pay
any of the interest coupons upon said bonds; the existence of a large floating
debt of the Central Vermont Railroad Company, amounting to about $2,500,000;
the inability of the Central Vermont Railroad Company to meet its obligations;
the ownership by said Grand Trunk Company of $700,000 of said mortgage
bonds of said Consolidated Railroad Company of Vermont, and of $1,000,000 of
said mortgage bonds of the Central Vermont Railroad Company, and that,
unless receivers were appointed, the whole Central Vermont system would
become disintegrated and broken up by attachments and sequestrations in dif-

ferent jurisdictions; and praying that the rights of the said Grand Trunk Company and other creditors of the Central Vermont Railroad Company, including all holders of the bonds of the Consolidated Railroad Company of Vermont, and of the bonds of the Central Vermont Railroad Company, in or to the property, real or personal, of said Central Vermont Railroad Company, might be ascertained and protected; and that the court would administer the fund constituting the entire railroad and assets of said corporation, and for such purposes would marshal its assets, ascertain the several separate liens and priorities existing upon each and every part of said system, and the amounts due upon each and every of said mortgages and other liens, and would enforce and decree the rights and equities of each and all the creditors of said Central Vermont Railroad Company as the same may be fully ascertained and decreed, upon the respective intervention or application of each and every such creditor or lienor in and to not only the said lines of said railroads, their appurtenances and equipments, but also to and upon each and every portion of the assets and property of said defendant company, and for the appointment of receivers of said defendant company and of its property of every description, and for an injunction against said defendant company restraining it from interfering with the possession and management of said property under said receivers."

That the defendant therein, the Central Vermont Railroad Company, "filed its answer to said Grand Trunk bill, in which it admitted substantially that all the allegations of said bill were true"; that:

"And thereafterwards, upon the 20th day of March, 1896, this honorable court appointed Charles M. Hays and Edward C. Smith receivers of said Central Vermont Railroad Company, and all its leased lines, property, and assets, and immediately thereafter said receivers took possession of the same, and thence hitherto have been, and still are, in possession of said property, with the exception of the Rutland and Ogdensburg & Lake Champlain Railroads."

And alleges that:

"Your orator further shows that all the rights, franchises, choses in action, and all real and personal property, embraced in said mortgage to your orator as trustee, within the jurisdiction of this court, are, by virtue of the appointment of said receivers above set forth, in the possession, custody, and control of this court, by the reason whereof your orator is unable, save as herein sought, to take possession of the same, and through possession thereof administer its trust as in said mortgage or indenture of trust it was provided it should do."

And prays for a foreclosure and sale, and:

"Second. That a receiver or receivers may be at once appointed, according to the usual course and practice of this court, of all the property, lands, railroads, assets, and franchises embraced in and covered by said mortgage or indenture of trust dated October 26, 1892, to your orator, and thereby conveyed or intended to be conveyed as aforesaid, and of the income, rents, tolls, issues, and profits thereof, and that said receiver or receivers may be empowered and directed to take, hold, and possess the same, and have exclusive charge and control thereof, with the usual powers of receivers in like cases, subject only to the order of this court; that such receiver or receivers may be directed to operate and manage said railroads, to pay out of the earnings therefrom the necessary operating expenses thereof, to keep the same and rolling stock and appurtenances in repair, to apply such earnings as directed by the court, and to otherwise discharge all duties ordinarily imposed upon the receivers of railway property."

The bill is demurred to, and that it is so brought and filed as an independent suit is principally set down as a special ground for the demurrer, which has now been argued. Some statements of fact outside the bill have been made in assigning the causes of demurrer, which have been objected to, and of course cannot be considered. They should be, if relied upon as material, brought forward by plea or

answer. The receivership, as alleged in the bill, is what must be and is considered with reference to the right to maintain an independent suit. The principal difference between this question here now, and that lately here, decided in American Loan & Trust Co. v. Central Vermont R. Co., 84 Fed. 917, on demurrer to a bill for foreclosure of the first mortgage, is that arising from the presence of the receivers as parties defendant there, and not here. If this was a strict foreclosure of a mortgage in the usual form, such as is had under the laws of the state, to merely cut off the right to redeem without touching the possession of the property, it might, perhaps, be maintained as a separate suit. Brooks v. Railroad Co., 14 Blatchf. 463, Fed. Cas. No. 1,964; Mercantile Trust Co. v. Lamoille Val. R. Co., 16 Blatchf. 324, Fed. Cas. No. 9,432. But the extracts quoted from the mortgage and bill show clearly that immediate possession of the property by receivers now, and vendee subsequently, is sought. This cannot be had without displacing that of the present receivers, or making their possession a new one, by appointing them receivers in this cause. That their possession will not be disturbed or changed but by, or by leave of, the court appointing them is, as said in the other case, universal and elementary. No case is cited or known to the contrary. Much stress has been laid in argument upon Continental Trust Co. v. Toledo, St. L. & K. C. R. Co., 82 Fed. 642. There the receivers in a creditors' suit had, by leave of court, been made defendants in a foreclosure suit which set out the receivership, the suits had been consolidated by the title of the foreclosure suit, and the receivers had been continued in that suit. On a motion to dismiss the bill of foreclosure, Judge Taft appears to have said: "It cannot be of importance that the bill was apparently filed as an independent bill. If in fact the only way of maintaining jurisdiction of it is as a dependent bill, ancillary to the creditors' action, it is the duty of the court so to treat it, provided it appear, as it does, that it can be maintained as such." This must be considered as said with reference to the suits as they then stood together, and falls far short of saying that the foreclosure suit could properly be maintained during the receivership in the other, as a wholly independent suit. Neither do his remarks, nor those of Judge Bunn in Louisville Trust Co. v. Louisville, N. A. & C. R. Co., in the circuit court of appeals, Seventh circuit (28 C. C. A. 202, 84 Fed. 539), to the effect that filing the bill of foreclosure as a dependent or ancillary proceeding to, or in any way consolidating it with, a creditors' suit does not enlarge or vary the rights of parties to that suit in respect to contesting the foreclosure suit, show that the foreclosure suit, setting up the creditors' suit and receivership, can exist, against a demurrer for that cause, as a suit wholly by itself for seizure and sale of the property. The substance of the whole is that those who claim the disposition or possession of property in the hands of receivers of a court must come to that court, in that case, to reach it, and an independent suit for that purpose cannot be maintained even in the same court. Leave of court to file a bill separately must be had in the original cause, and this annexes the new bill to that cause, and amounts to the same as filing it in that cause would. Here no leave whatever has been had, and the bill is bad on demurrer for that cause. Leave to so file this bill may,

however, be granted now, and so filing it will avoid such demurrer; and leave to file this bill in that cause within 10 days is so granted.

Demurrer sustained, with leave to file this bill in original cause within 10 days; and, if so filed, the demurrer for the cause of want of such leave is then to be overruled, with leave to defendant to answer over under the rules.