CORBET v. MANHATTAN BRASS CO.

(Supreme Court, Appellate Division, First Department.   April 8, 1904.)

1. CONTRACTS—ASSIGNMENT OF PATENT—ROYALTIES—CONSTRUCTION OF CONTRACT.

A contract between the inventor of a bicycle lamp and a manufacturer provided that the latter should manufacture the lamps under an assignment of the patent, and that the royalties should not in any year net the inventor less than $500, and that in the event of their netting him less, or on discontinuance of manufacture, the manufacturer should reassign the patents.  Held, that the manufacturer could not abandon the manufacture and sale of a sufficient number of the lamps to produce the royalty at the rate specified, and, by tendering the plaintiff the specified minimum royalty, hold the patents, and prevent plaintiff from placing his invention on the market.

2. SAME—CONSTRUCTION—MINIMUM ROYALTY.

It was agreed that the failure of the manufacturer to pay the minimum royalty on discontinuance of manufacture or sale should not relieve it from payment of such royalties as might be due at the time of the reassignment of the patent.  Held, that the contract did not require the manufacturer to pay the inventor the specified minimum royalty per annum until it reassigned the patents, but that the patent should be reassigned if the royalties netted the inventor under $500.

O'Brien, J., dissenting.

Action by Denys W. Corbet against the Manhattan Brass Company. From a judgment in favor of plaintiff, defendant appeals.   Modified.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

George Ryall, for appellant.
Harrie C. Manheim, for respondent.

LAUGHLIN, J.   The action is brought to recover money pursuant to the terms of a contract in .writing.   The plaintiff. was the inventor of certain improvements in bicycle lamps, on which he had applied for patents.   On the 10th day of January, 1895, the parties signed a contract by which the plaintiff agreed to assign to the defendant all patents for such improvements obtained by him, and to give the defendant the exclusive right to manufacture and sell the same until the expiration of the patents, in consideration of which the defendant agreed to pay the plaintiff a royalty of 12½ cents for each bicycle lamp with said improvements that it might sell, and to account therefor semiannually. On the 25th day of September in the following year this agreement was modified in writing.   It would seem that in the meantime plaintiff had been engaged by the defendant as a salesman, for the modified agreement recites that in consideration, among other things, of such employment, he releases the defendant from past and future royalties on a particular bicycle lamp, which embodied one or more of the features of a patent granted to him, and the defendant released the plaintiff from his obligation to assign to it patents or future improvements which he might make on bicycle lamps.   The agreement, so far as material to the present inquiry, then provides as follows:

"The party of the second part [the defendant] * * * hereby further promises and agrees that the royalty on lamps [other than those from which it has been released from accounting] shall not in any year net the party of

87 N.Y.S.—37

the first part less than Five hundred dollars ($500), and in the event of such royalty netting the party of the first part less than Five hundred dollars ($500) or in the event of the discontinuance by the party of the second part of the manufacture or sale of lamps embodying the improvements claimed in such patents, and for which the said party of the second part is liable for royalty, then the said party of the second part hereby promises and agrees to forthwith assign the said patents before referred to and all the rights thereunder except as hereinbefore specified to said Corbet, party of the first part, without other consideration than the release from paying further royalty or royalties.

"It is mutually understood and agreed that the failure of the party of the second part to pay the minimum amount of royalty named, on discontinuance of the manufacture or sale referred to, shall not relieve the party of the second part from the payment of such royalty or royalties as may be due the party of the first part at the time of such terminating of the contract and assignment of the said patents to the party of the first part."

The plaintiff assigned certain patents to the defendant pursuant to the agreement, and it accounted to him for royalties, at the rate specified, on all bicycle lamps manufactured thereunder down to January, 1901. The defendant then discharged the plaintiff, and he thereafter brought this action to recover the difference between the royalties at the rate of $500 per annum for the years 1897 to 1902, inclusive, and the sum of $321.39; being the amount of the royalties received prior to his discharge. The plaintiff has received royalties on the lamps sold by the defendant pursuant to his patents at the rate of 12½ cents per lamp, but he now claims to be entitled by virtue of the contract to a minimum of $500 per annum for each and every year until such time as the defendant shall reassign to him the patents which has not been done. It does not appear that the plaintiff has demanded a reassignment of the patents, or that the defendant has tendered such reassignment. It is clear from the terms of the contract that it was optional with the defendant whether to continue the manufacture or sale of the lamps embodying the patents, but, in the event of his discontinuing such manufacture or sale, the plaintiff was entitled to a reassignment of the patents. The plaintiff was also entitled to a reassignment of the patents if the bicycle lamps manufactured and sold by the defendant pursuant to the contract in any year were not sufficient to produce a royalty of $500 to the plaintiff at 12½ cents per lamp. It is evident that the obligations of the defendant to the plaintiff under the contract could not be satisfied by the mere payment of $500 per annum. The defendant bound itself to manufacture and sell sufficient bicycle lamps to produce, at the rate of 12½ cents per lamp, a royalty of $500 per annum to the plaintiff, or to reassign the patents. The plaintiff was interested in the manufacture and sale of his lamps, as well as in the royalty; and the defendant could not abandon the manufacture, or refrain from manufacturing and selling a sufficient number to produce the royalty at the rate specified, and, by tendering the plaintiff $500, hold the patents and thus prevent the plaintiff from placing his invention on the market. Genet v. D. & H. C. Co., 136 N. Y. 593, 611, 32 N. E. 1078, 19 L. R. A. 127. The precise question for decision, however, is whether the defendant obligated itself to pay the plaintiff $500 per annum until such time as it reassigned to him the patents. The appellant contends that its promise was to pay royalties, and that if it suspended manufacture or sale of the lamps, or if at the

end of any year it should appear that the sales would not produce a royalty of $500, the plaintiff was entitled to a reassignment of the patents at his election. This appears to be the literal construction of the agreement. The promise of the defendant is that the "royalty" shall not net the plaintiff less than $500 in any one year, and it is contemplated that the royalty may net him less, for it is expressly provided that in the event of "said royalty netting the party of the first part less than five hundred dollars the party of the first part shall forthwith reassign the patents." The respondent lays stress upon the last sentence of the agreement quoted. We think this sheds no light upon the true construction. It was merely intended to provide that the reassignments of the patents upon the discontinuance of the manufacture or sale, or upon the defendant's failure to manufacture and sell sufficient to produce a royalty of $500 in any one year, should not release the defendant from the payment of the royalty then due. It is evident that in that event there might be royalty due at the rate of 12½ cents per lamp, so that the royalty therein referred to as not being released is not necessarily the minimum royalty of $500.

Since the right of the plaintiff to recover depends upon the construction of this contract, the execution of which is conceded, the judgment should be modified by directing final judgment for the defendant, dismissing the complaint, with costs to the defendant of the trial and of the appeal.

VAN BRUNT, P. J., and PATTERSON and McLAUGHLIN, JJ., concur. O'BRIEN, J., dissents.