BUFFALO BUILDERS SUPPLY COMPANY, Respondent, *v.* MENNO A. REEB, Appellant.

**Contract — sale — rescission — plaintiff may not pay purchase price knowing defendant would not fully perform and then claim rescission for failure of consideration — court not bound, as matter of law, to attempt to force defendant to perform agreement which he had evaded and so far as he could nullified — terms upon which rescission granted in sound discretion of court where impossible to restore parties to former position.**

1. In an action for rescission of a contract whereby plaintiff agreed to purchase defendant's business, even though findings are sufficient to establish that plaintiff understood that the defendant agreed to transfer to it the good will of the business including that done at wholesale, and that defendant had breached the contract by making sales to dealers, plaintiff is not entitled to rescission where further findings establish that it was fully advised, before the business was transferred or the full price paid, that the defendant would not consider himself bound, under the original contract, to turn over his business with dealers and would not voluntarily do so. Plaintiff might not pay the purchase price for partial performance of the contract, knowing defendant would not voluntarily perform further, and then claim rescission and return of the price paid for failure of consideration.

2. Where, however, the findings establish that shortly after the transfer to, the plaintiff of the business sold, the defendant was conducting even a retail business, through a corporation controlled by him, and planned to divert from the plaintiff to this corporation the business transferred, and further findings show that the acquisition of the tangible assets was of no importance, value or consequence to the plaintiff, the acquisition of the good will, trade and custom of defendant's business being the essential and sole object and purpose of plaintiff in making and consummating the contract, it cannot be said, as matter of law, that the court should have attempted to force the defendant by injunction to perform an agreement which he had evaded and so far as he could nullified.

3. The terms upon which rescission may be granted, where complete restoration of the parties to their former position is impossible, rest in the sound discretion of the courts.

*Buffalo Builders Supply Co.* v. *Reeb,* 217 App. Div. 190, affirmed.

(Argued December 12, 1927; decided January 10, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 6, 1926, unanimously affirming a judgment in favor of plaintiff entered upon the report of a referee.

*Adelbert Moot* and *Welles V. Moot* for appellant. Neither the complaint, nor the evidence, nor the findings, makes out a case for rescission of the contract in question. (*Callanan* v. *K., A. C. & L. C. R. R. Co.,* 199 N. Y. 268; *Weston* v. *Stoddard,* 137 N. Y. 119.) The contract in question here, in the light of its history, its written modification, and defendant's insistence upon it as modified, before he would accept his pay, is controlling. (*Bock* v. *Perkins,* 139 U. S. 628; *Mutual Life Ins. Co.* v. *Hill,* 193 U. S. 551; *Greenfield* v. *Gilman,* 140 N. Y. 168; *Schoonmaker* v. *Hoyt,* 148 N. Y. 425; *Genet* v. *D. & H. Canal Co.,* 163 N. Y. 173; *Walls* v. *Bailey,* 49 N. Y. 464; *Chadsey* v. *Guion,* 97 N. Y. 333; *Kratzenstein* v. *Western Assurance Co.,* 116 N. Y. 54; *Heyn* v. *New York Life Ins. Co.,* 192 N. Y. 1; *Daly* v. *Busk Tunnel Ry. Co.,* 129 Fed. Rep. 513.) Plaintiff elected to close the contract, pay the money due thereon, and accept defendant's delivery

thereon knowing all the facts, and defendant's claims, and that was fatal to rescission. (*Conrow* v. *Little*, 115 N. Y. 387; *Sanger* v. *Wood*, 3 Johns. Ch. 416; *Terry* v. *Munger*, 121 N. Y. 161.)

*Parton Swift* for respondent. Defendant's willful continued violation of his covenants constituted such a substantial failure of consideration as entitles plaintiff to the rescission asked. (*Callanan* v. *K., A. C. & L. C. R. R. Co.;* 199 N. Y. 268; *Rafferty* v. *World Film Corp.*, 180 App. Div. 475; *Bloomquist* v. *Farson*, 222 N. Y. 375; *DeMille Co.* v. *Casey*, 121 Misc. Rep. 78.) Plaintiff has done no act inconsistent with rescission. (*Mason* v. *Bovet*, 1 Den. 69; *Hammon* v. *Pennock*, 61 N. Y. 145; *Moore* v. *Mutual Fund R. F. S. A.*, 121 App. Div. 335; *Rafferty* v. *World Film Corp.*, 180 App. Div. 475; *Vail* v. *Reynolds*, 118 N. Y. 297; *Allerton* v. *Allerton*, 50 N. Y. 670.)

Lehman, J. The plaintiff agreed to buy from the defendant his " builders' supply business " in the city of Buffalo. The contract provided for the transfer to the plaintiff of the equipment used in the business, the stock of salable merchandise on hand, and the good will of the business. The consideration for the transfer was to be the payment of the inventory value of the equipment and the market price of the merchandise plus the sum of $50,000. The defendant agreed that " he will for a period of ten years   *   *   *   abstain from the retail business of merchandising in mason builders' supplies of any name or nature either on his own account or in the employ of any other person or corporation within the limits of the City of Buffalo." The contract expressly provided that the defendant might conduct " the manufacture and wholesale business of masons' supplies which vendor now is or hereafter may be engaged in." Transfer of the tangible assets of the defendant's retail building supply business was made on December 6th, 1913. On that date the defendant discontinued retail business in the city of Buffalo. The public was informed that the

retail business was transferred to the plaintiff and the
plaintiff received a list of defendant's retail customers.
On the 12th day of February, 1914, the plaintiff brought
this action to rescind the sale on the ground that the
defendant had breached his contract by continuing to
sell goods to former customers.   The plaintiff had not,
before bringing the action, offered to return to the
defendant the merchandise it had received.   Indeed, it
had sold much of the merchandise before that time.   It
offered in the complaint to return the tangible assets
still in its possession.   It also wrote to the defendant
offering to dispose of these assets in any manner the
defendant might desire.

After trial of the issues an interlocutory judgment was
rendered in favor of the plaintiff decreeing rescission of
the sale and an accounting between the parties.   Final
judgment has now been entered after the accounting.
All the findings of fact have been unanimously affirmed
by the Appellate Division before July 15th, 1926.   Upon
this appeal we must conclusively presume that these
findings are supported by the evidence.

The courts below have found two substantial breaches
of his contract by the defendant.   Each breach has been
found separately to constitute " a substantial failure of
the consideration for which the plaintiff paid to the
defendant the sum of one hundred and five thousand
dollars."   The defendant, as we have stated, continued
to sell at wholesale to dealers in Buffalo.   It is said that
the parties understood that the defendant might not do
so and that failure to abide by the understanding con-
stituted a breach of the contract in itself entitling the
plaintiff to rescission.   The findings are perhaps sufficient
to establish that the plaintiff understood that the defend-
ant had agreed to transfer to it the good will of a business
which included business done at wholesale with dealers
in Buffalo.   Even so, it seems difficult in the face of the
express language of the contract to find any basis for a

conclusion that the defendant agreed not to sell to such retailers thereafter. In any event, the plaintiff is not entitled to a rescission because of such sales. The findings establish that the plaintiff was fully advised before the business was transferred or the full price paid that the " defendant would not consider himself bound to turn over his business with dealers in Buffalo under the original contract and would not turn over such business," at least voluntarily. Clearly the plaintiff is not entitled to rescind the contract for substantial failure of consideration because of alleged breach of contract when the plaintiff chose to pay the consideration and to accept the tangible assets with knowledge that the defendant would not voluntarily do more. Even if the plaintiff thereafter had the right to insist that the defendant must discontinue business with dealers in Buffalo, the plaintiff might not pay the purchase price and accept a partial performance of the contract knowing that the defendant would not voluntarily perform further, and then claim two months thereafter that there has been a failure of consideration so substantial and pervasive as to justify demand for the return of the price paid.

The findings, however, also establish that a little more than a month after the transfer to the plaintiff of the business sold, the defendant was conducting even a retail business through a corporation controlled by him in fact, though the corporate stock was owned by members of his family. No purpose would be served by setting out these findings in full. They are sufficient to show a plan calculated to divert from the plaintiff to this corporation controlled by the defendant the business transferred to the plaintiff shortly before. At the time the action was begun this corporation had regained less than fourteen per cent of the business transferred; but the findings present a reasonable basis for a conclusion that the plaintiff would as time went on lose more and more of the benefit of its purchase.

Ordinarily an agreement by a vendor of a business to refrain from doing business thereafter is merely collateral to the transfer of the business. Breach of a collateral agreement is not in itself ground for the rescission of a contract. The breach must be so fundamental and pervasive as to result in substantial frustration before total rescission may be ordered. In most cases too the less drastic remedy of injunction would afford full relief. Here, however, the circumstances are peculiar. The findings establish that all the tangible property covered by the contract of sale could be purchased at any time and in any quantity in the open market and the price paid was no less than the market value. The acquisition of the tangible assets was of " no importance, value or consequence to the plaintiff." The acquisition of the good will, trade and custom of the defendant's business was the essential and sole object and purpose of plaintiff in making and consummating the contract of sale. Ordinarily the good will of a business attaches itself, at least in part, to the name under which, and the place where, a business has been conducted. Here the plaintiff did not by the contract obtain any right to use either the name or the place. The plaintiff could hold the good will purchased only if the defendant refrained from doing business himself. There is basis for a conclusion that under these circumstances the defendant's agreement not to do business was the dominant purpose of the contract and not merely a collateral part. The defendant's breach was not open and defiant. He sought by evasion to retain the benefit he had contracted to transfer, and that evasion began promptly after he received the consideration for the transfer. Under these peculiar circumstances we may not say as matter of law that the court should have attempted to force the defendant by injunction to perform an agreement which he had evaded and so far as he could nullified.

The courts below have fixed the terms upon which

restitution must be made. The terms are as fair as the circumstances permit. The plaintiff must restore to the defendant at least the value of the tangible chattels no longer in its possession. Restoration of the chattels themselves would give the defendant no greater benefit. Perhaps the plaintiff made some sales it would not have made if defendant had not sold his business. These circumstances do not bar the equitable remedy of rescission for wrong done. The terms upon which rescission may be granted where complete restoration of the parties to their former position is impossible rests in the sound discretion of the courts. (*United Zinc Companies* v. *Harwood*, 216 Mass. 474.)

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and O'BRIEN, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed, etc.