DRIVER–HARRIS CO. v. INDUSTRIAL FURNACE CORPORATION.

In re BREAKER.

No. 1868.

District Court, W. D. New York.

Nov. 30, 1935.

A. Gerald Weinberg, of Buffalo, N. Y., for petitioner.

Charles Diebold, Jr., of Buffalo, N. Y. (Albert R. Henry, of Buffalo, N. Y., of counsel), for receiver.

KNIGHT, District Judge.

Petitioner moves for leave to sue the receiver of the Industrial Furnace Corpo-

ration and the Industrial Furnace Corporation to rescind the assignment to such corporation of two patents, executed on September 30, 1930. The Industrial Corporation was organized to manufacture and sell electrical furnaces and to develop and manufacture certain processes for the manufacture of what is known as Z-Metal. Originally the corporation was licensed to use certain patents owned by petitioner upon the agreement of the corporation to pay petitioner $2 per hour of rated capacity. This agreement was canceled or modified and the corporation given an option to buy the patents in question for $75,000. Still later, another agreement was made whereby the corporation agreed that the royalty of $2 per hour of rated capacity to the amount of $5,000 as a minimum amount should be paid petitioner till $75,000 had been paid, and thereafter petitioner was to receive a royalty of $2 per kilowatt hour. This final agreement was made September 30, 1930. The minimum royalties were paid until and including the year 1932. No further royalties have been paid save $3,063.46 paid in 1933. It is claimed that there is now due petitioner $10,686.54. On March 16, 1934, a receiver for the corporation was appointed, and such appointment continues to this time.

It is petitioner's contention that he is entitled to a rescission of the patent assignment agreement because of the failure of the corporation and the receiver to pay the stipulated royalties. It is the receiver's contention that, since the assignment contains no forfeiture clause, the agreement cannot be rescinded, and that the case is lacking in equity.

It is my opinion that this motion should be granted for these reasons.

While some discretion rests in the court in deciding motions for leave to sue a receiver, leave to sue cannot arbitrarily be refused, and should be granted where it is made to appear that a cause of action is stated upon which it can be said there is reasonable probability of recovery. Petitioner must show a prima facie cause of action and right of recovery. American Loan & Trust Co. v. Central Vermont R. R. Co: (C.C.) 84 F. 917; Field v. Kansas City Refining Co. (C.C.A.) 296 F. 800; Jordan v. Wells, 13 Fed.Cas. page 1111, No. 7,525; Odell v. H. Batterman Co. (C.C.A.) 223 F. 292. Extensive affidavits have been submitted by both parties. Certain matters are set forth in the opposing affidavits purporting to show that petitioner is estopped from bringing suit and certain other alleged facts which may have a decisive bearing on the right of recovery. The effect of such allegations cannot be determined on this motion.

There are numerous authorities in the state and federal courts that, where a patent is sold to be paid for on a royalty basis, a condition is implied that the patent will be worked to earn the stipulated royalties. Brewster v. Lanyon Zinc Co. (C.C.A.) 140 F. 801; Neenan v. Otis Elevator Co. (C.C.) 180 F. 997; Wood v. Lucy Lady Duff-Gordon, 222 N.Y. 88, 118 N.E. 214; Corbet v. Manhattan Brass Co., 93 App. Div. 217, 87 N.Y.S. 577. Likewise there are numerous authorities to the effect that the failure to utilize a patent and pay the royalties fixed in an agreement establishes a prima facie right as between the parties to the agreement to bring an action for rescission. Littlefield v. Perry, 21 Wall. (88 U.S.) 205, 22 L.Ed. 577; Buffalo Builders' Supply Co. v. Reeb, 247 N.Y. 170, 159 N.E. 899; Callanan v. Keeseville, Ausable Chasm & L. C. R. R. Co., 199 N.Y. 268, 269, 92 N.E. 747; Dow v. Harkin, 67 N.H. 383, 29 A. 846. In the instant case, however, we have a different factor than that shown in the cases last cited. It appears from the affidavits submitted by each party on this motion that subsequent to the assignment of the two patents Nos. 1,636,041 and 1,694,964, the patents involved here, the Industrial Furnace Corporation entered into some agreement with the Westinghouse Electric & Manufacturing Company relative to these particular patents. What that agreement was does not clearly appear from the papers submitted on this motion. The affidavit of Mr. Landolt, a director of the Industrial Furnace Corporation, is indefinite and ambiguous in this respect. Petitioner's affidavit in effect is that such agreement was "to enable the Industrial Furnace Corporation to erect and finance the erection of such furnaces as were sold by the corporation." Attention is directed by the corporation to one clause in the Westinghouse agreement which purports to warrant that the Industrial Furnace Corporation was the sole and exclusive owner of the two patents in question. So far as the question of determining the right to bring the proposed suit is concerned, I do not regard this warranty as controlling. What the agreement was, whether the Westinghouse Electric & Manufacturing Company had knowledge of pe-

titioner's agreement, what the relations of the petitioner to the making of the agreement with the electric company were, will have a bearing on the right to rescind; but these and other facts are for determination in a trial.

It seems to me that the case of In re Waterson, Berlin & Snyder Co. et al. (Fain v. Irving Trust Co.), 48 F.(2d) 704, 705, 710 (C.C.A.), when examined in its entirety, is controlling upon this court in granting of the right to sue. In that case certain song writers petitioned the bankruptcy court to order the receiver of certain publisher under royalty agreement to reassign the royalty contracts, or, in the alternative, direct that sale thereof in bankruptcy be made subject to the royalty contracts. The District Court (36 F.(2d) 94) held that the contracts were not assignable, and that the composers had the right of rescission. The Circuit Court of Appeals in this Circuit reversed and held that the contracts were assignable, and that under the facts in that case the bankrupt's estate should have the right to get what benefit it could from the assignment of the agreement. It was, however, held that the composers had the right to a lien for their royalties. In that case, within a month after the royalty payments became due, the receiver advertised the sale of the copyright agreements. With regard to this, the court said: "Any default in working the copyrights had not been long enough in itself to justify a rescission and the proposed sale cannot be said to have been an act that would 'result in substantial frustration' of the composer's rights on the record before us." After discussing the question of a remedy at law in certain types of cases, it is said: "Accordingly a court of equity would decree a rescission where the breach was so fundamental as to amount to frustration, because the remedy at law would be inadequate. Neenan v. Otis Elevator Co." Further, the court said: "If the purchaser at the trustee's sale should fail to work any copyright that he purchased, when it was reasonably practicable to do so, rescission doubtless might be granted at the instance of the composer in some future suit." The whole theory on which rescission was denied was that sufficient time had not elapsed since the royalty became due to justify rescission. In the instant case, royalty payments are long past due. There is little, if anything, to show that the corporation can realize anything on these patents, or that the Westinghouse Electrical Company, if it has any license rights, is doing anything in the way of the development of the patents or their exploitation.

Hartshorn v. Day, 60 U.S. (19 How.) 211, 15 L.Ed. 605; Rude v. Westcott, 130 U.S. 152, 9 S.Ct. 463, 32 L.Ed. 888; Mackaye v. Mallory (C.C.) 12 F. 328; and In re Waterson, Berlin & Snyder Co. (C.C.A.) 48 F.(2d) 704, are relied upon by the receiver as supporting that an assignment of a patent, coupled with a reservation of a royalty, is not subject to rescission at the election of the assignor because of condition broken. It seems to me no one of the three first-mentioned cases presents a situation such as presented here in the motion for leave to sue. None of these three presents a comparable case. Expressions with regard to the rule of law as contended for by the receiver are found, but such rule may be found to be inapplicable upon the facts proved on the trial herein.

It appears to me that a prima facie case is made on the proofs before me, and that the motion should be granted.