■ THOMAS P. O'GRADY, Respondent, v DIVERSIFIED EARTH SCIENCES, INC., et al., Appellants. (Appeal No. 1.)—Order unanimously affirmed, with costs. Memorandum: Defendants, Diversified Earth Sciences, Inc. (DES), and C.C.O. Equipment, Inc. (CCO), appeal from a denial of their motion for summary judgment, which seeks to dismiss the second cause of action of plaintiff's complaint. The circumstances which are the basis of this controversy involve the merger of CCO, a closely held corporation of which the plaintiff was the chief executive officer and controlling stockholder, with DES. As consideration for his interest in CCO plaintiff received DES stock and an employment contract. Plaintiff has been discharged, and in the second cause of action he asks for rescission of the "reorganization and merger agreement", and seeks to be restored to his prereorganization status. Defendants, in their answer, allege that the discharge of the plaintiff was justified and deny, in essence, that the employment contract and the merger agreement are so related that a breach of the former could give plaintiff any right to rescind the latter. It is the defendants' contention that by their terms the employment contract and the merger agreement refute, as a matter of law, the plaintiff's claim "that continued employment was so much a root and substance of the basic over-all agreement, that its breach was a failure of consideration allowing a recission". The supporting affidavits demonstrate that the parties are in substantial disagreement as to their respective understandings at the inception of the agreements. "There is no hard and fast rule on the subject of rescission, for the right usually depends on the circumstances of the particular case" *(Callanan v Keeseville, Ausable Chasm & Lake Champlain R. R. Co.,* 199 NY 268, 284). (See, also, *Buffalo Bldrs. Supply Co. v Reeb,* 247 NY 170.) In a case strikingly similar to the instant one, involving a merger agreement and an employment contract, the Court of Appeals stated the applicable principle as follows: "Whether the parties intended to treat both agreements as mutually dependent contracts, the breach of one undoing the obligations under the other, is a question of fact. In determining whether contracts are separable or entire, the primary standard is the intent manifested, viewed in the surrounding circumstances (cf. *Ripley v. International Rys. of Cent. Amer.,* 8 N Y 2d 430, 437–438; see 6 Williston, Contracts [3d ed.], § 863)." *(Rudman v Cowles Communications,* 30 NY2d 1, 13.) Special Term stated that although plaintiff's ability to succeed on the rescission cause of action may be tenuous, there nevertheless are questions of fact which require a denial of defendants' motion. We agree with this determination. (Appeal from order of Onondaga Supreme Court—summary judgment.) Present—Marsh, P. J., Simons, Mahoney, Goldman and Witmer, JJ.