## McALLISTER *v.* KUHN.

1. Upon a writ of error to reverse a judgment by default, such defects in the declaration or complaint as could have been taken advantage of before judgment by general demurrer may be brought under review.
2. If the judgment would have been arrested on motion, because the declaration did not state facts sufficient to constitute a cause of action, it may, for the same reason, be reversed upon error.
3. A declaration in an action for the wrongful conversion of the shares of the capital stock of a corporation is sufficient for the purposes of pleading, if it states the ultimate fact to be proven. The circumstances which tend to prove that fact can be used for the purposes of evidence; but they have no place in the pleadings.
4. By the Code of Practice of Utah, the failure of a defendant to appear at the time of the assessment of damages against him by the court is a waiver by him of an assessment by a jury.
5. This court has no power to re-examine the action of a territorial court in refusing to set aside a judgment by default.

ERROR to the Supreme Court of the Territory of Utah.

This action was brought, Sept. 9, 1873, in the District Court of the third judicial district of the Territory of Utah, by Bertrand Kuhn, against John D. T. McAllister, for the wrongful conversion of certain shares of stock.

Kuhn alleged in his complaint that, on the first day of September, 1873, he was the owner of two hundred and fifty shares, unassessable, of the paid-up capital stock of the North Star Silver Mining Company, a corporation existing under the laws of the Dominion of Canada, which were represented by five certificates, for fifty shares, each signed by the secretary, treasurer, and president of said company, and that said shares were then of the value of $12,000.

That on or about that day, while he was such owner and lawfully entitled to their possession, the defendant, at Salt Lake City, without his consent and wrongfully, took said shares, and converted them unlawfully and wrongfully to his own use.

That before the commencement of this action he demanded of the defendant possession of the said stock, but that the defendant refused to return the same, and still retains possession thereof.

Summons was served upon the defendant in person Sept. 10, 1873, and on the 18th he appeared and filed a demurrer.

April 15, 1874, the application of the defendant for leave to withdraw his demurrer and for ten days within which to answer was granted; but, on the 28th, no answer having been filed, his default was entered.

Oct. 13, the plaintiff having introduced his proofs, the court assessed his damages, and entered judgment in his favor for $3,300, with interest and costs.

The defendant having moved to vacate the judgment, the court overruled the motion; whereupon he appealed to the Supreme Court of the Territory, where, June 30, 1875, the judgment below was affirmed.

McAllister then sued out this writ, and here assigns for error : —

1. Shares of stock being intangible, and only representing the right of the owner to receive dividends of profit, and, at the dissolution of the company, portions of the surplus, if any there be, cannot, against the will of the owner, be wrongfully taken and converted to the use of another. Therefore, the averment that McAllister wrongfully took and converted the shares of the plaintiff to his use, is an averment of an impossibility, and tenders no issuable fact.

2. The averment that said shares were contained in and represented by five certificates signed as alleged, is only a conclusion of law.

3. The corporation is governed by the laws of the Dominion of Canada; and there is no averment showing in what manner its shares could be transferred to McAllister, or he could obtain a right to them against the consent of Kuhn.

4. The court erred in assessing the damage without submitting that question to a jury.

5. The court erred in refusing, on McAllister's motion, to open the judgment, set aside the default, and grant him leave to defend the action.

6. The Supreme Court of the Territory erred in affirming the judgment of the District Court.

*Mr. Z. Snow* for the plaintiff in error.

*Mr. James H. Mandeville, contra.*

Mr. Chief Justice Waite delivered the opinion of the court.

Upon a writ of error to reverse a judgment by default, such defects in the declaration or complaint as could have been taken advantage of before judgment by general demurrer may be brought under review. If the judgment would have been arrested on motion, if made, because the declaration did not state facts sufficient to constitute a cause of action, it may be reversed for the same reason upon error.

In this case, the complainant alleges a wrongful conversion by McAllister to his own use of certain shares of the capital stock of a foreign corporation owned by Kuhn, which were represented by certificates of stock that had come into the possession of McAllister. There can be no doubt that shares of stock in a corporation may be transferred by means of an assignment and delivery of certificates. It is true that a certificate of stock is not the stock itself; but it is documentary evidence of title to stock, and may be used for the purposes of symbolical delivery, as the stock itself is incapable of actual delivery. A blank indorsement of a certificate may be filled up by writing an assignment and power of attorney over the signature indorsed, and in this way an actual transfer of the stock on the books of the corporation may be perfected. A wrongful use of such an indorsed certificate for such a purpose may operate as a conversion of the stock.

If the statements contained in the petition are true, and McAllister had actually converted the stock to his own use, Kuhn was entitled to his damages. By his default, whatever had been properly pleaded was confessed. Had issue been joined upon the averment of conversion, it would have been necessary to show the existence of facts which in law constituted a conversion; but, for the purposes of pleading, the ultimate fact to be proven need only be stated. The circumstances which tend to prove the ultimate fact can be used for the purposes of evidence, but they have no place in the pleadings. We think the complaint does state all the facts necessary to constitute a cause of action.

By the Code of Practice in Utah, the failure of McAllister to appear at the time of the assessment of damages was a waiver by him of an assessment by a jury.

This court has no power to re-examine the action of the territorial courts in ,refusing to set aside the judgment by default.

We find no error in the record.

*Judgment affirmed.*