### DONOVAN et al. v. STUBER, City Marshal.

(Supreme Court, Appellate Division, Second Department. January 8, 1909.)

REPLEVIN (§ 57*)—COMPLAINT—SUFFICIENCY.

A complaint in replevin, which alleged that plaintiffs were the owners and were entitled to the possession of the property sought to be recovered, and stated facts showing how they became owners, which did not detract from the allegation of ownership and right of possession, stated a good cause of action.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 200; Dec. Dig. § 57.*]

Appeal from Trial Term, Kings County.

Replevin by Fulmoth Donovan and another, copartners, against Arthur Stuber, a city marshal of the city of New York. From a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment for plaintiffs, and an order denying a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, GAYNOR, RICH, and MILLER, JJ.

Phillips & Samuels, for appellant.

Ralph K. Jacobs, for respondents.

WOODWARD, J. John S. and Mamie Donovan, on the 10th day of July, 1907, gave a chattel mortgage on certain horses, harnesses, etc., then owned by them, to one Valentine Wachtel. The latter discounted the notes taken in connection with such chattel mortgage at the North Side Bank, and delivered the chattel mortgage as security therefor. Subsequently the Donovans defaulted, whereupon the North Side Bank seized possession of the chattels, and Fulmoth Donovan & Son, the plaintiffs in this action, purchased the notes and mortgage from the bank, which delivered the chattels to the plaintiffs. On the 16th day of November, 1908, the defendant, a city marshal, seized the chattels under executions against John S. and Mamie Donovan, and the plaintiffs brought this action in replevin. The jury has found a verdict in favor of the plaintiffs, and the defendant appeals.

It is urged that the court erred in refusing to dismiss the complaint at the opening, on the ground that it does not state facts sufficient to constitute a cause of action. We think the complaint was not open to the objection urged. The complaint alleged that the plaintiffs are the owners and are entitled to the possession of the property, and the subsequent statement of the facts showing how they became such owners does not detract from the allegation. The case is clearly distinguishable from Sheridan v. Jackson, 72 N. Y. 170, and other authorities relied upon by the appellant. The evidence, we believe, clearly established that the chattels referred to in the mortgage were the same as those recovered in this action and mentioned in the complaint, and under the stipulation that "on the 22d day of October, 1907, the North Side Bank of Brooklyn caused the chattels described in paragraph 3 of the complaint to be seized and taken from the possession of John S. Donovan and Mamie Donovan," it is difficult to understand how the defendant can complain of the charge of the learned court to the jury.

The judgment appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.