840

In re NOBLE.

In re BUCKLEY.

No. 22913.

District Court, W. D. New York.
Dec. 31, 1937.

Skivington & Skivington, of Rochester, N. Y. (George J. Skivington, of Rochester, N. Y., of counsel), for petitioner.

Charles P. Williams, of Lyons, N. Y., for receiver and trustee.

BURKE, District Judge.

This brings up for review the decision of the referee in bankruptcy to whom was referred the proceeding brought herein by Martin D. Buckley growing out of the alleged sale of certain vinegar to him by the debtor. By this proceeding he seeks to recover from the trustee approximately $17,000; that being the difference between the alleged price on the purchase from the debtor and the price of the same vinegar upon sale by the trustee. The referee, without taking testimony, dismissed the proceeding upon the ground of delay in its commencement and upon the ground that it appeared on the face of the petition that Buckley had no right, title, or interest to the vinegar in question.

It may be conceded that reclamation proceedings should be brought promptly, and that laches is a bar. Laches, however, comprehends a delay that is unreasonable under the circumstances. In re Indiana Concrete Pipe Company, D.C., 33 F.2d 594. The law prescribes no limitation of time within which the proceeding must be brought. No burden is placed upon the petitioner to anticipate its being asserted as a defense. It is sufficient if he meets it when it confronts him. It may be that the explanation offered will not excuse the delay. The conclusion, however, should rest on the facts. An opportunity should be afforded to explain the delay that is claimed to constitute laches. The referee relied on In re Watmough, D.C., 210 F. 539 and In re O'Callaghan, 30 A.B.R. 97. In the former findings of fact were made by the special master, and in the latter there was an agreed statement of facts.

The petition alleges: "That at all times since October 3rd, 1934, petitioner was the owner of and entitled to the possession of the 248,000 gallons of vinegar contained in these six tanks." The trustee contends, and apparently the referee agreed, that this is mere conclusion of law. It is the pleading of an ultimate fact. The circumstances which tend to support it may be left to the proofs. M'Allister v. Kuhn, 96 U.S. 87, 24 L.Ed. 615; Donovan v. Stuber, 130 App.Div. 235, 114 N.Y.S. 593.

The order entered upon the decision of the referee should be reversed and the proceeding referred to a special master.

Submit order.