STATE BOARD OF TAX APPEALS.

BONHAM & YOUNG CO., PETITIONER, v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER, RESPONDENT.

Decided February 20, 1940.

For the petitioner, *Thomas G. Hilliard.*

For the respondent, *Walter Large.*

QUINN, President. Petitioner filed appeals for the years 1938 and 1939 from corporation franchise taxes assessed against it for said years by the State Tax Commissioner, which appeals are disposed of herewith together upon a showing of the same fact situation for each year. The claim is for cancellation of the taxes upon the ground of a right of exemption under *R. S.* 54:13-7, vested in petitioner as an "* * * agricultural * * * corporation at least fifty per cent. of whose capital stock issued and outstanding is invested in * * * agricultural * * * pursuits carried on within this state * * *."

The testimony at the hearing satisfactorily establishes the following facts. Although petitioner did at one time engage primarily in mercantile pursuits, it has since 1937 owned practically no property other than its interest, hereinafter

described, in certain lands in Salem, Cumberland, and Cape May counties, where it conducts extensive operations in the breeding and trapping of muskrats for commercial purposes. Petitioner invested in a one-half interest in four thousand one hundred acres of such lands in Cumberland county, of which three hundred, used for ordinary farming, are valued at $15,000 and the remainder, devoted to muskrating, at $38,000, and holds a similar interest in eight hundred acres in Cape May county, estimated at $8,000. It also owns outright one thousand acres, valued at $10,000, and likewise devoted to muskrats. The total value of these interests thus aggregates $40,500, whereas its ownership of other property of any character is not in excess of $500.

Petitioner further offered the testimony of an accountant familiar with its affairs to the effect that 70.8 per cent. of the capital stock of the corporation was invested in the lands hereinabove mentioned.

Respondent supports its position by reliance upon the fact that legal title to the lands in question is vested in William T. Hilliard, 3d, an individual. But it has no rebuttal of the explanation made by petitioner that Hilliard holds the real estate in trust for the corporation, of which he is an officer. An equitable interest in agricultural lands actually acquired with corporate funds is, in our opinion, an investment of the corporation's capital in agricultural pursuits.

The only remaining inquiry essential to a determination of the issue before us is as to whether the raising and trapping of muskrats constitutes the lands whereon such activity is carried on the subject of an investment for agricultural pursuits. The available authorities resolve this issue in the affirmative. According to *Webster's New International Dictionary,* "Agriculture" is defined as the "art or science of cultivating the ground, including harvesting of crops and rearing and management of live stock; tillage; husbandry; farming; in a broader sense, the science and art of the production of plants and animals useful to man * * *." In support of the references to animals in this connection are the following case authorities: *Fleckles* v. *Hille,* 83 *Ind. App.* 715; 149 *N. E. Rep.* 915; *Davis* v. *Industrial Commis-*

*sion of Utah,* 59 *Utah* 607; 206 *Pac. Rep.* 267; *Gordon* v. *Buster,* 113 *Tex.* 382; 257 *S. W. Rep.* 220; *Tower & Sons* v. *United States,* 9 *Ct. Cust. App.* 307, 308; *Slycord* v. *Horn,* 179 *Ia.* 936; 162 *N. W. Rep.* 249; *Bringel* v. *Grogan,* 67 *Wis.* 147, 150; 29 *N. W. Rep.* 895.

There was testimony at the hearing that petitioner's operations required the raising of special vegetation for the sustenance of the muskrats. We are satisfied that this pursuit is an agricultural one, within the liberal construction of the scope and intent of this statute that has been exercised by our courts, as distinguished from the rule of strict construction ordinarily applicable to tax exemption legislation. *North American Phonograph Co.* v. *State Board of Assessors,* 54 N. *J. L.* 430; *Burlington Distilling Co.* v. *State Board of Assessors,* 86 *Id.* 92.

The assessments appealed from are canceled.