DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE COUNTY OF UNION.

BENJAMIN A. FIELD, PLAINTIFF, v. SAM SERPICO, INDI-
VIDUALLY AND TRADING AS RELIABLE BODY AND
FENDER WORKS, AND FRANK AGOLIO, DEFENDANTS.

Decided September 26, 1946.

For the plaintiff, *Budd, Larner & Schettino.*

For the defendants, *Philip M. Lustbader* and *George D. McLaughlin.*

FULOP, D. C. J. This is a suit based on a bailment. The first count sounds on contract; the second in tort arising out of the contract of bailment. Both counts seek to recover for damages to plaintiff's automobile.

Plaintiff entrusted his automobile to Charles Kemper, trading as the Commercial Garage. The car needed body work and lining up of the front end. Mr. Kemper was not able to do either job. At plaintiff's request, and as a favor to plaintiff, Mr. Kemper sent the car to a body shop for repairs. When that work was finished, Mr. Kemper sent his brother, Thomas, to get the car and remove it to the place of business of defendant Sam Serpico, trading as the Reliable Body & Fender Works.

The defendant Frank Agolio was employed in the shop of Reliable at Lidgerwood Avenue in Elizabeth. He was acquainted with the Kempers and lived over the Commercial Garage at No. 1 Wood Avenue, Roselle.

There is a dispute in the testimony, but I find that Charles Kemper asked Frank Agolio to drive the plaintiff's car back to the Commercial Garage. Agolio would normally have been going from his place of work to his home and it would have been no inconvenience to drive there in plaintiff's car. However, Agolio did not plan to go directly home on the evening in question and sought to avoid the responsibility of the car. Kemper told him to take the car with him from work to wherever he was going and take it home when going home.

Agolio left work at 5:15 and went to a barber shop in Elizabeth. At about 6:20 P. M. he was on his way to the Commercial Garage in plaintiff's car through Linden when a Tuscan Dairy truck struck the car. The Tuscan Dairy and the driver of the truck are not defendants in this suit, although the Dairy is located in Union and is subject to the court's process. The accident happened on a direct route from the Reliable Shop to the Commercial Garage.

At the trial I found as a fact that Agolio was not authorized by his employer, Serpico, to deliver the car, and that he was not acting within the scope of his employment at the time of the accident. Plaintiff expressly adopts Kemper as his

agent. In view of Kemper's request to Agolio, it was not a breach of duty for the Reliable Body & Fender Works to deliver the car to Agolio. Agolio was acting as plaintiff's agent, or as Kemper's agent, in driving the car. He was not Serpico's agent. A judgment was entered in favor of the employer defendant.

The question remaining open for decision is the degree of Agolio's responsibility to the plaintiff for the accident.

Plaintiff's original premise was that Agolio was driving the car as agent for his employer as part of the repair service for which Agolio's employer received payment. Defendant Agolio contends that he was merely doing a favor for plaintiff (at Kemper's request); that he was an unpaid bailee and that, consequently, his duty was merely to exercise such "care which the most inattentive and thoughtless of men never fail to take of their own affairs." In other words, that he owed only a slight degree of care and is responsible only for gross neglect or a violation of good faith. *Dudley* v. *Camden and Philadelphia Ferry Co.*, 42 *N. J. L.* 25; *Weinstein* v. *Sheer* (*Court of Errors and Appeals*, 1923), 98 *Id.* 511; 120 *Atl. Rep.* 679.

Plaintiff admits that this is the law as to gratuitous bailee. It appears to be well established "that a mere depositary, without any special undertaking, and without reward, is not answerable for the loss of goods deposited, but in case of gross negligence, which is equivalent to fraud, * * *" (*Dudley* v. *Camden, supra*).

However, plaintiff says that the bailment was for the benefit of both parties because Agolio used the car to drive to his barber for a haircut, and that he therefore owed the same duty as a compensated bailee, citing *Kittay* v. *Cordasco*, 103 *N. J. L.* 156; 134 *Atl. Rep.* 667; *Corbett* v. *Smeraldo*, 91 *N. J. L.* 29; 102 *Atl. Rep.* 889, and *Rauber* v. *Zinner* (1940), 125 *N. J. L.* 85; 13 *Atl. Rep.* (2*d*) 488.

I find as a fact that the use of the car by Agolio to drive to his barber was not for his benefit but was solely for the benefit of the plaintiff. It was no more than a condition of the gratuitous bailment. Agolio took the car on his personal

errand at the request of plaintiff's agent so that he might drive it to the Commercial Garage. He did not need nor seek to have the car for his own purposes.

It is therefore unnecessary for me to decide whether or not Agolio was guilty of *any* negligence which contributed to cause the accident. The only question is whether he was guilty of such gross negligence or lack of good faith as would render a gratuitous bailee liable to his bailor.

The defendant Agolio was the only witness in the case who testified to the manner in which the accident happened. He said that he drove slowly into an intersection; that he saw headlights at his left; that the Tuscan truck entered the intersection from his left after he had entered, and the front end of the truck struck the left side of the plaintiff's automobile.

There is no evidence in the case to support a finding of gross negligence on the part of Agolio and a judgment of no cause for action will be entered in his favor.