Matter of **NATIONAL MOLDING COM-
PANY, Bankrupt, Patco Products
Co., Appellant.**
No. 11636.

United States Court of Appeals
Third Circuit.

Argued Nov. 15, 1955.
Decided Feb. 24, 1956.

Thomas J. O'Neill, Newark, N. J. (Crummy, Consodine, Gibbons & O'Neill, Newark, N. J., on the brief), for appellee.

Before BIGGS, Chief Judge, and KALODNER and HASTIE, Circuit Judges.

BIGGS, Chief Judge.

The question presented by this appeal is whether the appellant, Patco Products Co., Inc., may sue the trustee in bankruptcy, formerly the receiver, in a plenary suit in the state courts of New Jersey because of the receiver's or trustee's [1] alleged negligence in losing or permitting to be lost an eight-hundred-pound mold, with a board attachment, alleged to be the property of Patco.

The receiver caused personal property of the bankrupt and chattels belonging to others on the premises occupied by the bankrupt to be delivered to Paterson Textile Machinery Company (Paterson), the bankrupt previously having caused other personal property belonging to it to be lodged there. Neither the terms of the original deposit of the chattels with Paterson by the bankrupt nor the terms of the subsequent one by the receiver appear from the record. Apparently no receipt was delivered by Paterson to the bankrupt on the occasion of the first deposit. No receipt was given by Paterson to the receiver on the occasion of the second deposit. The record shows that Paterson was a "warehouse" or an "exchange." No further description of it appears from the evidence.

The mold alleged by Patco to be its property was among the chattels delivered to Paterson by the receiver. All of the bankrupt's personal property was sold by the trustee at public auction from the floor of Paterson on April 22, 1953. It is conceded that at the time of the sale the mold was tagged with Patco's name and segregated from the bankrupt's property by chalk marks on the floor. It is also agreed that the mold was not sold but disappeared after the sale. It is clear that Patco, orally and by letter, pri-

George R. Sommer, Newark, N. J. (Frank P. Marano, Newark, N. J., on the brief), for appellant.

---

1. The receiver and the trustee were the same person. The appointment of the trustee was made on April 21, 1953.

or to the sale, asserted that the mold belonged to it, and that Patco was informed by the attorney for the receiver, and later by the referee, that to obtain the mold it would have to file a reclamation petition.[2] On June 5, 1953, some forty-three days after the sale, the trustee, in response to an inquiry from Patco's attorney, informed him that he did not have the mold in his possession.

On September 4, 1953, over four months after the sale, Patco filed a petition to reclaim the mold. Hearings were held on this petition. On February 4, 1954, Patco filed a petition for leave to sue the trustee in a plenary action. Additional hearings were had. On July 2, 1954, the referee denied the reclamation petition because the trustee no longer had possession of the mold, and dismissed the petition for leave to sue on the ground that the bankruptcy court was "without authority to act thereon." The District Judge affirmed the denial of the reclamation petition but remanded the petition for leave to sue the trustee for further action. After another hearing, the referee again dismissed the petition for leave to sue on the grounds that Patco had been guilty of laches and that the receiver or trustee had not been negligent. The referee was of the view that Patco had allowed an unreasonable time to elapse before seeking to recover the mold by a reclamation petition and that "the receiver-trustee was a bailee for the benefit of Patco and would be liable only for an act of gross negligence." The court below affirmed. The appeal followed.

■ We agree that Patco must make a *prima facie* case against the trustee, showing that its claim is not without foundation. Dunscombe v. Loftin, 5 Cir., 1946, 154 F.2d 963; Driver-Harris Co. v. Industrial Furnace Corp., D.C.W.D.N.Y., 1935, 12 F.Supp. 918. We think, however, that the court below erred when it held, implicitly, that Patco had not made out such a case.

■ We cannot agree with the court's conclusion that the receiver or trustee was in the position of a gratuitous bailee and therefore liable only for gross negligence. "[A] bankruptcy trustee is undoubtedly charged with the duty of preserving property which comes into his custody, *including that of claimants whose claims he may in the exercise of a reasonable judgment oppose * * *.*"* Rife v. Ruble, 6 Cir., 1939, 107 F.2d 84, 86. "He is not a purchaser, but as the title of his office imports, *he is trustee for all who have interests, and according to those interests.*" In re Ducker, 6 Cir., 1905, 134 F. 43, 47. (Emphasis added to both quotations). See Remington on Bankruptcy, Vol. 2, §§ 1117, 1139.10 (4th ed. 1940). See also In re Reeves, D.C.N.D.N.Y.1915, 227 F. 711, 713, involving the loss by the trustee, who continued to operate the bankrupt's business, of fountain pens obtained by the bankrupt on consignment from the claimant. The court said: "So far as Wirt, the claimant, is concerned, it is immaterial that [whether?] the trustee negligently, or without fault on his part, lost the pens. * * * He was not a gratuitous bailee, or a bailee for hire, but a tort-feasor." We point to the fact that the referee expressly took the position that Patco would have to file a reclamation petition to regain the mold. It follows that, if Patco did not file a reclamation petition or was unsuccessful in such a proceeding, the mold would be treated as and, in effect, would become a part of the bankrupt's estate. Had the mold been the property of the bankrupt and disappeared under such circumstances, there would be no question that the trustee would be liable to the estate. The trustee "must carefully preserve the assets in his possession, upon pain of surcharge, from deterioration or dissipation." Collier on Bankruptcy, Vol. 2, § 47.08 (14th ed., Moore) and cases cited therein.

■ However, the trustee contends that by delivering the mold to Paterson

2. See the letters of the attorney for the receiver and of the referee to attorneys representing Patco, dated April 2 and April 16, 1953, respectively.

**72**

he in effect delegated his duty of safekeeping to Paterson and was entitled to rely on Paterson to safeguard the property. This might be the case if Paterson had the status of a warehouseman for hire, assuming that the terms under which the mold was lodged with Paterson created the legal obligations which ordinarily exist between a paid warehouseman and bailor. But the receiver took no warehouse receipt. Under the circumstances we cannot ascertain, nor could the court below, what were the obligations of Paterson to the receiver in respect to the property lodged by him with the warehouse. But in the absence of any receipt and of any evidence that indicates that Paterson was to be paid for the bailment, there is no showing that Paterson was other than a gratuitous bailee. Under the law of New Jersey a gratuitous bailee is liable only for gross negligence. See Weinstein v. Sheer, 98 N.J.L. 511, 120 A. 679 (Errors & Appeals 1923); Field v. Serpico, 49 A.2d 21, 24 N.J.Misc. 289 (Dist.Ct. 1946). Such a limited liability on the part of Paterson could not insulate the trustee from the effect of his own negligence. On the present record it may not be said that the trustee exercised due care in protecting and preserving the missing mold. There is a prima facie showing that he did not do so.

Moreover, the receiver's failure to procure a warehouse receipt may have put Patco in a position where it cannot maintain a suit against Paterson. Paterson no longer has the mold, so Patco cannot bring replevin. There is no receipt that can be negotiated by the trustee to Patco to give it *locus standi*. Patco was a stranger to the bailment contract, whatever it was. It is the law of New Jersey that one who is not a party to a contract cannot maintain a suit for breach of duty arising out of the contract. See Miller v. Davis & Averill, Inc., 137 N.J.L. 671, 674, 61 A.2d 253, 255 (Errors & Appeals 1948), and cases cited therein. In Borough of Brooklawn v. Brooklawn Housing Corp., 124 N.J.L. 73, 76, 11 A.2d 83, 85 (Errors & Appeals 1940) the court said: "Third party beneficiaries are generally classified as donee, creditor and incidental. The real purpose of this classification is to distinguish between the beneficiary who has a right of action under the contract, and one who has not. Thus, the incidental beneficiary might profit from the performance of the contract, but he cannot enforce such performance by legal action." Patco probably is without recourse unless it is permitted to sue the trustee. In our opinion Patco has made out a *prima facie* case.

There remains for disposition, however, the issue whether Patco is barred by laches, as the court below held. It has been said with regard to laches in bringing a reclamation proceeding that, "No burden is placed upon the petitioner to anticipate its being asserted as a defense", In re Noble, D.C.W.D. N.Y.1937, 21 F.Supp. 840. We doubt that Patco is required to meet this question on the petition for leave to sue. See Driver-Harris Co. v. Industrial Furnace Corp., supra, 12 F.Supp. at page 919. Moreover, laches "comprehends a delay that is unreasonable under the circumstances." In re Noble, supra, 21 F.Supp. at page 840. The delay "must have worked an injury or result in a disadvantage to the adverse party * * *." In re Indiana Concrete Pipe Co., D.C.N. D.Ind.1929, 33 F.2d 594, 596. We fail to see any causal connection between the delay in filing the reclamation petition and the loss of the mold. The receiver-trustee was not prejudiced because of the failure of Patco to file a reclamation petition prior to the sale. The mold was on the floor of Paterson at the time of the sale. Prior to that date Patco had asserted, positively, if informally, that the mold was its property. The receiver-trustee, his attorneys, and the referee were aware of that assertion. In fact, as we have said, at the time of the sale, the mold was tagged with Patco's name and segregated by chalk marks from other personal property on the floor of Paterson. This is not the case of an unknown or acquiescent claimant appear-

ing some months after the disposition or loss of his property to assert an hitherto unheard-of claim.

The judgment of the court below will be reversed and the cause remanded with the direction to authorize Patco to sue the trustee in a plenary suit in a New Jersey State Court.